2:06-cv-11898-BAF-MKM Doc # 6 Filed 05/12/06 Pg 1 of 4 Pg ID 112



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES K. BEATTIE,

        Plaintiff,

v.

        CASE NO. 2:06-cv-11898
        HONORABLE BERNARD A. FRIEDMAN

WAYNE M. GROAT,

        Defendant.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Charles K. Beattie is a state prisoner at Parnall Correctional Facility in Jackson, Michigan. He has filed a motion for appointment of counsel and a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendant is a hearing officer for the Michigan Parole Board.

The complaint and exhibits allege that, in May of last year, Plaintiff was charged with committing a home invasion. Because Plaintiff was a parolee at the time, the Michigan Parole Board used the same incident to charge Plaintiff with violating the conditions of parole. Plaintiff was sent back to prison, and on June 10, 2005, he appeared before defendant Wayne Groat and waived his right to a parole revocation hearing within forty-five days of his return to custody. Plaintiff later pleaded guilty to receiving and concealing stolen property, and the home invasion charge was dismissed.

On August 2, 2005, Plaintiff notified defendant Groat that he was ready for a parole revocation hearing. The hearing was held on January 11, 2006. Parole officials then revoked Plaintiff's parole for a period of twelve months. On March 29, 2006, the Parole Board ordered

another continuance, with a reconsideration date of December 31, 2007. Plaintiff filed a federal habeas corpus petition contesting the revocation of parole, but Chief United States District Judge Robert Holmes Bell of the Western District of Michigan summarily dismissed the habeas petition without prejudice because Plaintiff had failed to exhaust available state remedies. *See Beattie v. Palmer*, No. 1:05-cv-619 (W.D. Mich. Dec. 14, 2005).

The pending complaint alleges that the Michigan Department of Corrections violated Plaintiff's right to due process. Plaintiff seeks to have the Court overturn the Parole Board's decision and to re-instate him on parole. Plaintiff also wants $300.00 per day for his allegedly illegal incarceration.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous and fails to state a claim because it attacks the revocation of parole and Plaintiff's incarceration. A civil rights action is not a proper remedy for

2

a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A plaintiff generally has no cause of action under § 1983 for allegedly unconstitutional imprisonment unless the decision to hold him in custody is invalidated by state officials or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to parole revocation proceedings). *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Prisoners may bring § 1983 challenges to prison administrative procedures only if the prisoner seeks relief that would render state procedures invalid, as opposed to seeking relief that would invalidate continued confinement. *See id.* at 82-83.

Plaintiff has not explained the nature of the alleged due process violation, and he seeks release, not a hearing. To the extent that he is complaining about an untimely revocation hearing, his claim is moot and without merit. The remedy for an untimely revocation hearing is not a writ of habeas corpus reinstating parole status and releasing the petitioner from incarceration, but a mandamus petition to compel the hearing and appropriate sanctions against non-complying officials. *Heath v. United States Parole Comm'n*, 788 F.2d 85, 88-89 (2d Cir. 1986). Plaintiff was given a revocation hearing. Even assuming that there was an improper delay, Plaintiff has not alleged any prejudice from the delay. "The mere fact of a delay [in

3

conducting a parole revocation hearing] . . . is not by itself sufficient to establish a due process violation." *King v. Hasty*, 154 F. Supp.2d 396, 401 (E.D. N.Y. 2001).

The Court concludes that success in this action would undermine the parole revocation proceedings. Consequently, Plaintiff's complaint is barred by *Heck* and related Supreme Court cases. The Court declines to construe the complaint as a petition for the writ of habeas corpus because Plaintiff has not shown that he presented his claim at all levels of state court review. *See* 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

### III. Conclusion

Plaintiff's claim lacks an arguable basis in law. Therefore, his complaint [Doc. #1, Apr. 24, 2006] is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his motion for appointment of counsel [Doc. #3, Apr. 24, 2006] is DENIED as moot. An appeal from this order would be frivolous as well and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                                                                    s/Bernard A. Friedman
                                                                                    BERNARD A. FRIEDMAN
                                                                                     CHIEF UNITED STATES DISTRICT JUDGE

Date: May 12, 2006